UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593

January 28, 2019

LETTER TO COUNSEL:

RE: *Taliesha W. v. Nancy A. Berryhill, Acting Commissioner of Social Security*
Civil No. TJS-18-0278

Dear Counsel:

On January 29, 2018, Plaintiff Taliesha W.[1] petitioned this Court to review the Social Security Administration's final decision to deny her claim for Social Security Income ("SSI") and Disability Insurance Benefits ("DIB"). (ECF No. 1.) The parties have filed cross-motions for summary judgment. (ECF Nos. 17 & 18.) These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[2] Having considered the submissions of the parties, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Acting Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will deny both motions and remand the case for further proceedings. This letter explains my rationale.

In her applications for SSI and DIB, Taliesha W. alleged a disability onset date of November 1, 2009. (Tr. 203-214.) Her applications were denied initially and on reconsideration. (Tr. 131-38.) A hearing was held before an Administrative Law Judge ("ALJ") September 8, 2016 (Tr. 45-83), and the ALJ found that Taliesha W. was not disabled under the Social Security Act (Tr. 11-19). The Appeals Council denied Taliesha W.'s request for review (Tr. 1-5), making the ALJ's decision the final, reviewable decision of the agency.

The ALJ evaluated Taliesha W.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found that Taliesha W. was not engaged in substantial gainful activity and had not been engaged in substantial gainful activity since November 1, 2009. (Tr. 13.) At step two, the ALJ found that Taliesha W. suffered from the following severe impairments: endometriosis, degenerative disc disease, and

---

[1] On October 10, 2018, the Court's bench adopted a local practice of using the first name and last initial of non-government parties in Court-issued opinions in Social Security cases. This practice is designed to shield the sensitive personal information of Social Security claimants from public disclosure.

[2] This case was originally assigned to Magistrate Judge Stephanie A. Gallagher. On December 7, 2018, the case was reassigned to me.

obesity. (*Id.*) At step three, the ALJ found Taliesha W.'s impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). (Tr. 13-15.) The ALJ determined that Taliesha W. retained the residual functional capacity ("RFC"):

> to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she could occasionally climb ramps and stairs, but never ladders, ropes, or scaffolds. She could occasionally stoop, kneel, crouch, and crawl. She should avoid concentrated exposure to extreme cold and vibrations.

(Tr. 15.)

At step four, relying on the testimony of a vocational expert, the ALJ determined that Taliesha W. can perform past relevant work as a customer service representative and order clerk. (Tr. 18-19.) Therefore, the ALJ found that Taliesha W. was not disabled under the Social Security Act. (Tr. 19.)

In this appeal, Taliesha W. argues that the ALJ's RFC determination is not supported by substantial evidence. Specifically, she argues that the ALJ improperly omitted a sit/stand option from his RFC determination. She also argues that the ALJ mischaracterized at least two types of objective evidence in his RFC findings.

In assessing a claimant's RFC, the ALJ must consider all of the claimant's "physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to do work." *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016). In performing the "function-by-function" analysis, the ALJ must provide "a narrative discussion describing how the evidence supports each conclusion . . . ." SSR 96-8P, 1996 WL 374184, at *7 (July 2, 1996). "In other words, the ALJ must *both* identify evidence that supports his conclusion *and* build an accurate and logical bridge from [that] evidence to his conclusion." *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (internal quotation marks omitted) (emphasis in original). Once the function-by-function analysis is complete, the ALJ can make a finding as to the claimant's RFC. "Thus, a proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion." *Thomas v. Berryhill*, --- Fed. Appx. ----, 2019 WL 193948, at *3 (4th Cir. Jan. 15, 2019).

Taliesha W. argues that the ALJ mischaracterized certain medical evidence when formulating the RFC. (ECF No. 17-1 at 13.) Two of the subjects that Taliesha W. argues were mischaracterized are her positive straight-leg raise tests[3] and examinations showing lumbar tenderness. (*Id.* at 13-14.) If credited by the ALJ, evidence of positive straight-leg raise tests and examinations showing lumbar tenderness might have warranted the inclusion of additional

---

[3] The straight-leg raise test is used to indicate whether a disorder of the spine is present. *Watson v. Comm'r of Soc. Sec. Admin.*, No. TLW-14-1310, 2015 WL 4192612, at *9 n.9 (D.S.C. July 9, 2015) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456-59 (4th Cir. 1990)). A "negative straight leg raise indicates that there is no pain and a positive straight leg raise indicates that there is pain." *Young v. Colvin*, No. 13-365, 2015 WL 1226079, at *5-6 (D.S.C. Mar. 16, 2015).

restrictions in the RFC.

Here, it is unclear how the ALJ considered the positive straight-leg raise tests and findings of lumbar tenderness, or whether the evidence was considered at all. The ALJ's decision only refers to "normal" straight-leg raise tests and to the absence of findings of lumbar tenderness. (Tr. 18.) But as Taliesha W. points out, "straight leg testing was repeatedly noted to be positive," and "physical examinations repeatedly revealed tenderness on palpation." (ECF No. 17-1 at 13-14.) The Court is unable to determine whether the ALJ considered this evidence, which is inconsistent with the evidence that he credited, and if so, how the ALJ determined the weight to which the evidence was entitled. The Acting Commissioner is correct that there is no rigid requirement for an ALJ to specifically refer to every piece of evidence in his decision. *See, e.g. Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014) But here, the ALJ neglected to discuss a substantial portion of objective evidence that directly contradicts his findings on two important points. For the Court to determine whether the ALJ's decision is supported by substantial evidence, the ALJ must provide some explanation as to how he reached his conclusions. The need for an explanation is especially important where, as here, there is conflicting and inconsistent evidence. *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013) ("Just as it is not our province to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that the ALJ, it is also not . . . the province of the district court to engage in these exercises in the first instance") (internal quotation marks and citations omitted). The ALJ's explanation regarding how he reached the RFC determination is deficient. Remand is required so that the ALJ may provide additional explanation.

Taliesha W. also argues that the ALJ did not sufficiently explain his conclusions regarding her need to alternate between sitting and standing. (ECF No. 17-1 at 13.) The ALJ summarized evidence in the record related to Taliesha W.'s ability to sit and stand as part of his RFC assessment. (Tr. 16.) The ALJ also reviewed Taliesha W.'s testimony that "she could sit for 15 minutes, before she has to change positions, stand for 10 minutes, and walk for ten minutes," that she "requires time to transition between positions," and that she "needs to lie down during the day due to pain." (*Id.*) It appears that the ALJ did not credit Taliesha W.'s statements regarding her need to alternate between sitting and standing but he made no explicit finding to this effect. The Acting Commissioner argues that the ALJ's summary of the medical evidence and reference to Taliesha W.'s general complaints of pain provide "an adequate articulation of his evaluation of [Taliesha W.'s] ability to perform a reduced range of sedentary work." (ECF No. 18-1 at 7.) Because I will remand the case for additional explanation on another basis, I will not decide whether the ALJ's discussion regarding Taliesha W.'s need for a "sit/stand option" was sufficient. Nonetheless, on remand the ALJ should specifically address Taliesha W.'s statements regarding her need to alternate between sitting and standing positions, explain why the statements were credited or not, and explain whether any corresponding limitation was included in the RFC.

For the reasons set forth herein, both parties' motions for summary judgment (ECF Nos. 17 & 18) are **DENIED**. Pursuant to sentence four of 42 U.S.C. § 405(g), the Acting Commissioner's judgment is **REVERSED IN PART** due to inadequate analysis. The case is **REMANDED** for further proceedings in accordance with this opinion. The Clerk is directed to **CLOSE** this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

_____/s/_____
Timothy J. Sullivan